IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 20-00812-CV-W-HFS |
| BOKIM, LLC, a Missouri Limited Liability Company, and NHAT MINH PHAM d/b/a L&N NAILS & SPA. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendant, BoKim, LLC, has filed a motion to dismiss a complaint seeking declaratory judgment filed by plaintiff, American Family Mutual Insurance Company. BoKim seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Nhat Minh Pham d/b/a L&N Nails & Spa ("Pham") is also a named defendant in this action, but has not joined the dismissal motion.

1

Background[1]

On or about Jan. 3, 2008, BoKim owned property in Jackson County, Missouri, specifically, a building addressed as 2614 Independence Avenue, Kansas City, Missouri ("the Premises"). On or about the same date, BoKim leased the building to Tuyet Nguyen, defendant Pham's predecessor in tenancy, for a term of 10 years.[2] At some time prior to Oct. of 2014, Tuyet sold her nail salon to Pham, and on or about Oct. of 2014, Pham, representing himself as the sole proprietor d/b/a L&N Nail Salon, assumed the lease agreement with BoKim.

At some point, not here disclosed, American Family issued a Businessowner's Policy to Pham for the period of Oct. 1, 2015 through Oct. 1, 2016, which included property and liability coverage. (Complaint: ¶ 11, Ex. A). At some point, again not here disclosed, Pham

---

[1] The facts are taken from pleadings filed by the parties, and when in dispute, will be noted.
[2] The property consisted of 6 storefronts on the first floor and 16 apartment units above.

employed Hong Thu Nguyen ("Hong") as a nail technician and represented her to BoKim as manager of the salon.

On October 12, 2015, a fire occurred which totally destroyed the Premises. Christopher Anderson, Daniel Werner, Larry Leggio, and John Mesh, firefighters from the Kansas City, Missouri Fire Department responded to the fire. *American Family Mutual Ins. Co. v. Anderson, et al.* Case No. 20-105-FJG. Anderson and Werner were injured by falling debris and sustained severe and permanent injuries, and Leggio and Mesh died as a result of their injuries. (Id, pg. 1). An investigation resulted in the arrest of Hong for intentionally setting the fire; and that both Hong and Pham conspired in a fraudulent effort to secure insurance coverage from American Family.

After a jury trial, Hong was found guilty of 2 counts of arson in the 1st degree, 2 counts of murder in the 2nd degree, and 2 counts of assault in the 2nd degree; on Sep. 21, 2018, she was sentenced to 30 years imprisonment. Pham pled guilty to presenting a claim to American Family containing false statements and materially misleading

information. On Jul. 8, 2019, sentence was suspended, and Pham was placed on probation for 3 years and directed to pay $2,000 in restitution to American Family.

## State Court Actions
### A. The Anderson Case No. 1816-CV25857

Christopher Anderson, Heather Anderson, Daniel Werner, Melissa Leggio, and Felicia Mesh filed a civil action in state court seeking damages against Hong, American Family, and others[3] for wrongful death and bodily injury of the firefighters resulting from the fire set by Hong. (Complaint: ¶ 20). American Family defended Hong in the civil action while concurrently seeking declarative relief here that it had no duty to defend her. (Id: ¶ 21). As a compromise settlement to avoid litigation expenses, American Family settled the civil action on Hong's behalf for $600,000 which it claims was the aggregate limit of liability coverage provided by the policy, and is now exhausted. (Id: ¶¶ 22-23).

---

[3] Other named defendants include Motorola Solutions, Inc., Tusa Consulting Services II, LLC, and Farmers Insurance Company, Inc.

American Family sought declarative relief in Case No. 20-105-FJG contending that it had no duty to defend or indemnify Hong in the underlying *Anderson* lawsuit and that the Policy was void. (Case 20-105: p. 2). The Anderson defendants filed a motion to dismiss contending that the same claims were pending in the underlying suit and American Family was seeking to circumvent the state court action. (Id). On Nov. 9, 2020, the Anderson defendants, Hong, and American Family filed a stipulation of dismissal of all claims asserted against Hong and American Family in the underlying action. (Id). Judge Gaitan then directed the parties to file a status report indicating what, if any impact the dismissal has on the pending motions before him for declaratory relief and dismissal. The parties ultimately agreed to the dismissal with prejudice of their respective claims. (Case 20-105, Doc. 20).

B. The BoKim Case

On April 29, 2020, BoKim filed a Petition for Damages in state court (Case No. 2016-CV11341), against Pham as the owner of L&N Nails & Spa. (Doc. 1-5, Exh. E, ¶¶ 1-2). BoKim alleged that on Jan.

5

3, 2008, it leased the building at 2614 Independence Avenue, Kansas City, Mo., to Tuyet Nguyen as Pham's predecessor in tenancy for a lease term of 10 years; and at some time prior to Oct. 2014, Tuyet sold her nail salon to Pham. (Id: ¶¶ 6-8). Also, on or before Oct. 2014, Pham represented himself as the sole proprietor of the nail salon and assumed the lease agreement with BoKim. (Id: ¶¶ 9-10).

BoKim states that par.8 of the lease agreement required Pham as lessee to indemnify, defend and hold BoKim as lessor harmless for all loss liability, costs, damages and expenses that occur or be claimed with respect to any person(s) or property on the Premises resulting from any act or omission by or through the lessee, its agents, employments, invitees or any person on the Premises. (Id: ¶ 11). The lease also required Pham to maintain at all times during the lease period comprehensive general liability insurance with single limit coverage of not less than 1 million dollars for injury or death of persons and from property damage. (Id). During the lease term Pham was required to furnish BoKim with a certificate of insurance and name

6

BoKim as an additional named insured. (Id). BoKim alleges that although Pham had general liability insurance with American Family he did not include BoKim as an additional insured. (Id: ¶¶ 12-13).

BoKim alleged that Pham invited Hong Thu Nguyen onto the Premises, employed her as a nail technician, and represented her as manager of the salon business. (Id: ¶¶17-18). On Oct. 12, 2015, a fire occurred on the Premises which destroyed the property and two responding firefighters dies; it was subsequently determine that Hong set the fire, and she was convicted of arson and murder. (Id: ¶¶ 19-21).

Beginning on Oct. 15, 2015, BoKim requested confirmation from Pham and American Family that BoKim was an additional insured on the insurance policy, without success. (Id: ¶¶ 22-25). BoKIm alleged that Pham recovered money from American Family, but failed to include BoKim as an additional insured. (Id: ¶¶ 26-27).

BoKim asserted claims for breach of contract, negligence, and negligent hiring.

## Discussion

American Family has filed suit in this court seeking a declaratory judgment that it owes no duty to neither BoKim nor Pham because: (1) the policy became void due to Pham's fraudulent conduct; or (2) the coverage limit has been exhausted; or (3) all damages sought in the state court action were caused by the intentional criminal conduct of Hong.

BoKim, in opposition to the declarative relief sought by American Family, has filed a motion to dismiss the complaint arguing that it would be premature for this court to grant such relief when there are active cases pending in state court regarding the same issues. BoKim refers to his state court case against Pham; the Anderson state case[4]; and Hong's pending appeal, and contends that declaratory relief at this time would foreclose his ability to add necessary parties.

In Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792, the court noted that although rare, federal courts may sometimes – under the

---

[4] As noted above, this matter has been resolved by the stipulation of dismissal of all claims filed by the Anderson defendants, Hong, and American Family.

doctrine of abstention - refrain from exercising jurisdiction over a case properly filed in federal court; <u>citing</u>, <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 188 (1959)(this doctrine, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it). Therefore, under the standard articulated in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976), a federal court should only abstain from a case in which there are parallel state proceedings for "exceptional circumstances." However, "parallel proceedings for exceptional circumstances" need not be required in actions under the Declaratory Judgment Act. <u>Royal Indem. Co.</u>, at 792; <u>citing</u>, <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995)(federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act).

    Courts have utilized this broad discretion and held that the key consideration for the district court is to ascertain whether the issues in

9

controversy between the parties to the federal action can be better settled by the state court in light of the scope and nature of the pending state court proceeding. <u>Continental Western Insurance Company v. Auto-Owners Insurance</u>, 2021 WL 1518639 * 2 (W.D.Mo.)(suits are parallel if substantially the same parties litigate substantially the same issues in different forums).

Here, the parties in the federal and state cases are *substantially* the same: BoKim and Pham are parties in the state case and both are named defendants in the case here in federal court. American Family, as the plaintiff here, would likely also have an interest in any liability it may have in the event of a favorable outcome for BoKim in state court.

Whether to abstain also turns on whether American Family, BoKim and Pham are litigating substantially the same issues, governed by state law, in the federal and state cases; which here, will be governed by Missouri contract law. <u>Continental Western Insurance</u>, 2021 WL 1518639 at *2; <u>citing</u>, <u>TNT Speed & Sport Center, Inc. v. American States Ins. Co.</u>, 114 F.3d 731, 732 (8th Cir. 1997)(finding that

the interpretation of insurance policies is governed by state law). Next to be considered is whether the claims of all the parties in interest can satisfactorily be adjudicated in the state court proceeding, and, if so, then the parties are litigating substantially the same issues. Id.

In BoKim's state court action, he seeks damages from Pham for, among other things, allegedly breaching the lease agreement by failing to name BoKim as an additional insured on the American Family insurance policy and storing toxic materials on the Premises. In the federal court case, American Family has named both BoKim and Pham as defendants and seeks an order declaring that: (1) Pham's liability coverage is void due to his fraudulent misrepresentations (Doc. 1, ¶¶ 36-45); and (2) it has no duty to defend Pham in BoKim's state court action because damages were caused by an intentionally set fire, as opposed to an "occurrence" defined in the Policy as an "accident." (Id: ¶¶46-54).

American Family relies on *Endurance American Specialty Insurance Company v. Brown et al.,* Case No. 19-654-GAF. (Doc. 9-1). In

that case Brown filed suit in state court against Lake Rat, and Keith and David Dickey when Keith Dickey's car allegedly crossed the center lane crashing into Brown's car resulting in severe and disabling injuries to Brown. (Id: p. 1). In this underlying suit Brown alleged that prior to the collision Lake Rat (insured by Endurance) continued to serve Keith Dickey intoxicating liquors while he was visibly intoxicated. (Id: p. 2). In reliance on <u>Scottsdale Ins. Co. v. Detco Industries, Inc.</u>, 426 F.3d 994 (8th Cir. 2005), where the court the absence of parallel proceedings where the state court lawsuit involved issues regarding Detco's liability for damages relating to a fire and explosion at its facility, and the federal lawsuit between Detco and Scottsdale involved insurance coverage. <u>Scottsdale</u>, at 997. Judge Fenner held that the underlying state court action seeking damages for personal injuries was not parallel to the federal case before him regarding insurance coverage.

    The resulting decisions in <u>Scottsdale</u> and the <u>Endurance Ins.</u> Case before Judge Fenner are distinguishable from the matter at bar in that questions of insurance coverage has been raised in both BoKim's state

case against Pham as well as in American Family's present case seeking a declaration that it owes no duty to either BoKim or Pham; unlike in <u>Scottsdale</u>, where the state action sounded in tort and the federal action in contract. <u>Scottsdale</u>, at 999. Consequently, questions before the state court will include whether there was a breach of the Policy by Pham's fraudulent conduct such that the Policy became void resulting in American Family having no duty to defend Pham in BoKim's suit alleging breach of the lease agreement and negligence. And, such a ruling by the state court would then render as moot the relief sought by American Family in this court. <u>Continental Western Ins. Co.</u>, 2021 WL 1518639 at *3. Thus, abstention here is appropriate. <u>Wilton</u>, 515 U.S. at 288 n.2(where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if

the state case, for any reason, fails to resolve the matter in controversy).[5]

Accordingly, defendant BoKim's motion to dismiss the complaint (Doc. 7) is DENIED, and this matter is STAYED pending resolution of the proceeding before the state court.

 s/ Howard F. Sachs

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

April 30, 2021

Kansas City, Missouri

---

[5] In considering the stated positions of the parties regarding a "hypothetical" garnishment proceeding in the event of a favorable ruling for BoKim in the state court action, such an outcome has been known to occur. And, upon such an occurrence, the suits were considered parallel even though the federal declaratory action was filed before the state court garnishment action was filed. Federated Mut. Ins. Co. v. Shernaman Enterprises, Inc., 2014 WL 6775832 *3 (E.D.Mo.).